**UNITED STATES of America, Plaintiff,**

v.

**Ronald W. SKEDDLE, et al., Defendants.**

No. 3:95CR736.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 21, 1997.

Thomas A. Karol, Robert W. Kern, Asst. U.S. Attys., for U.S.

Brendan V. Sullivan, Jr., Barry S. Simon, Marcie R. Ziegler, Williams & Connolly, Washington, DC, for Darryl J. Costin.

Robert Gold, Michael Sommer, McDermott, Will & Emery, New York City, for Ronald W. Skeddle.

Richard A. Hibey, Gordon A. Coffee, Douglas N. Greenburg, Winston & Strawn, Washington, DC, for Edward B. Bryant.

Gerald A. Messerman, Messerman & Messerman, Cleveland, OH, for David Herzer.

John E. Martindale, Martindale, Brzytwa & Quick, Niki Z. Schwartz, Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for John Corsaro.

J. Michael Murray, Beckman, Gordan, Murray, Palda & DeVan, Cleveland, OH, for David Hobe.

John Czarnecki, Cooper, Walinski & Cramer, Toledo, OH, for Clarence Martin.

John J. Callahan, Secor, Ide & Callahan, Toledo, OH, for John Purser.

## Order

CARR, District Judge.

This is a criminal case in which defendants are charged with wire and mail fraud, money laundering and conspiracy. The government proposes to introduce into evidence under the business records exception to the hearsay rule documents handwritten by defendant David Hobe and one of his accounting partners, Floyd Trouten, III. (Doc. 782). Defendants Skeddle, Costin & Bryant and defendant Hobe filed memoranda in opposition to this proffered evidence, arguing that the government has not laid a proper foundation for admissibility of the notes. (Docs. 783, ——). For the following reasons and to extent set forth below, I shall allow the government to introduce the business records evidence.

During trial testimony on October 17, 1997, defendants Hobe and Costin objected to the admissibility of certain handwritten notes identified by government witness Judy Jurcago, a former office administrator of the accounting firm of Hobe & Lucas. Most, if not all, of these notes were primarily authored by David Hobe or Floyd Trouten, accountants at Hobe & Lucas. The notes, which pertain to Hobe & Lucas's representation of the defendants Skeddle, Costin and Bryant and certain corporations formed by them, were proffered as business records of Hobe & Lucas.

Defendants contend that Ms. Jurcago failed to establish a proper foundation for admitting Hobe's handwritten notes, because she lacks personal knowledge as to the contents of the notes or the actual circumstances of their recordation and because she fails to demonstrate that the notes were business records of Hobe & Lucas.

## Discussion

Fed.R.Evid. 803(6) provides an exception to the hearsay rule for:

A memorandum . . . of acts [or] events . . . made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, . . . all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

■ The proponent of an alleged business record must lay a foundation for its admissibility through the testimony of a qualified witness. Under Sixth Circuit precedent, this involves showing that (1) the record was made in the course of a regularly conducted business activity; (2) the record was kept in the regular course of that business; (3) the regular practice of that business was to have made the record; and (4) the record was made by a person with knowledge of the transaction or from information transmitted by a person with knowledge. *United States v. Fawaz*, 881 F.2d 259, 266 (6th Cir.1989) (*citing Redken Laboratories v. Levin*, 843 F.2d 226, 229 (6th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988)).

■ In the Sixth Circuit, "the standard for knowledge required of a foundation witness is very liberal . . . 'all that is required is that the witness be familiar with the record keeping system.'" *United States v. Selby*, 1994 WL 416262, *9, 1994 U.S.App. LEXIS 21293, *26–27 (filed Aug. 8, 1994) (*quoting United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir.1986)). A witness does not need to have personal knowledge of the record in order to lay a proper foundation for its admissibility. *United States v. Sachs*, 801 F.2d 839, 843 (6th Cir.1986). Rather, the witness's lack of personal knowledge goes to the credibility that should be accorded that witness's testimony. *Id.*

Defendants contend that the government, through Jurcago, has failed to satisfy any of the four foundational requirements established by the Sixth Circuit. I disagree: Jurcago's testimony demonstrates that the notes were made in the course of Hobe & Lucas's regular business activity, that the notes were kept as part of the regular course of that business, and that it was a regular practice of employees of Hobe & Lucas to record such notes during meetings with clients. Moreover, the substantial majority of the notes were indisputably made by Hobe, who, based on Jurcago's testimony, had personal knowledge of the event that these notes describe.

■ The government has met the first and second foundational requirements for admissibility of the Hobe & Lucas notes. Jurcago, the former office manager and firm administrator of Hobe & Lucas, testified during voir dire that she recognized the names of the individuals and entities reported in the proffered notes as those of Hobe & Lucas clients. Moreover, she stated that the activities reported in the notes pertain to services provided by Hobe & Lucas as part of its regular business with these clients; the notes discuss and analyze salary, payroll, fringe benefits, and other services performed by Hobe & Lucas in the ordinary course of business. Jurcago's testimony therefore satisfies the requirement that the record be made in the course of the recorder's regular business activity.

In addition to her more conclusory testimony that the notes were kept in the ordinary course of business, Jurcago testified several times that it was customary for a Hobe & Lucas employee to take notes at client meetings, place them in the client files, and refer to them, or direct others to refer to them, at a later point in time. Her testimony in this regard amounts to a showing that the notes in question were kept as part of the regular course of Hobe & Lucas's business.

■ It is the third requirement—that it be the recorder's regular business practice to keep such records—that creates the most disagreement between the parties. Specifically, the defendants argue that, because Hobe & Lucas had no policy requiring employee to take notes during client meetings, and because, according to Jurcago, defendant Hobe had no routine practice of taking such notes, the third requirement cannot be satisfied.

■ The business records exception is based on the theory that records kept as part of a regular routine carry special guarantees of trustworthiness. As such, a business record that is nothing but an isolated and unique incident is inadmissible. *United States v. Freidin*, 849 F.2d 716, 720 (2d Cir.1988).

■ However, "the routineness or repetitiveness with which a record is prepared is not the touchstone of admissibility under the business records exception." *United States v. Jacoby*, 955 F.2d 1527, 1537 (11th Cir. 1992). Indeed, as one source has stated:

> [T]he fact that the record is not of a type that is routinely kept does not necessarily require its exclusion. Non-routine records made in the course of a regularly conducted "business" are generally admissible if they meet the other requirements of admissibility, unless "the sources of information or other circumstances indicate a lack of trustworthiness." Thus exclusion is mandated only when the facts of the case indicate unreliability. A contention without more that records of the type were not regularly kept should not overcome admissibility.

5 J. Weinstein and M. Berger, Weinstein's Federal Evidence § 803.11[2], at 803–64 (2nd ed.1997) (quoting Fed.R.Evid. 803(6)). Thus, unless there is some indication of untrustworthiness, business records should not be excluded based merely on the fact that they are not always kept.

In *Kassel v. Gannett Co.*, 875 F.2d 935, (1st Cir.1989), the First Circuit faced a situation similar to the one presented here. At the trial level, the plaintiff offered under the business records exception contact reports prepared by an institution. The defendant challenged the records, claiming that because they were only completed when the institution's employee "perceive[d] the need," they did not satisfy the hearsay exception. *Id.* at 944.

In upholding the trial court's admission of the record, the First Circuit held that the fact that the report was not "usually" completed did not necessarily foreclose application of Rule 803(6). *Id.* at 944–45. The court went on to state that "while the business records exception does not extend to activity that is 'casual or isolated,' some degree of discontinuity or selectivity remains permissible." *Id.* at 945. *See also Jacoby*, 955 F.2d at 1537 (business record admissible where it was prepared whenever employee "believed it necessary to explain something or make a record of an unusual circumstance").

While Jurcago testified that she had been present at meetings where Hobe did not take notes, she also stated that she had seen Hobe take notes at client meetings from time to time. Jurcago also testified that it was customary for notes of this sort to be taken and placed in files by Hobe & Lucas employees who wanted to memorialize what had happened at client meetings for future reference. Therefore, although there was no formal policy requiring such notetaking, the testimony of Jurcago, who was familiar with Hobe & Lucas's record keeping and files, and the existence of numerous notes taken by Hobe & Lucas employees including Hobe and Trouten, indicate that it was a regular, although not universally followed, business practice.

■ Furthermore, there is no indication that the notes are untrustworthy. While they may be subject to more than one interpretation, that alone does not render them unreliable or suspect. Moreover, it would be disingenuous to allow the defendants to claim that the source of the information indicates lack of trustworthiness: the defendants themselves and the corporations they established are the clients referenced in the notes, and presumably the source of the information.

■ The final of the four Sixth Circuit requirements—that the record be prepared by one with personal knowledge or from information transmitted by one with personal knowledge—is likewise satisfied. As has been noted, the notes in question pertain to accounting services provided to the defendants and several corporations owned by them. Therefore, the notes taken by Hobe were presumably based on information transmitted by the defendants, who had personal knowledge of their own financial affairs.

Courts have also required that business records be prepared at or near the time of the event which they memorialize. When documents are dated, this requirement is usually a mere technicality:

> In the usual case, the time of the event and the time of the entry will be self-evident on the face of the record and "it would seem to involve a great and unnecessary burden to further require separate evidence as to the time of the entries."

Weinstein, *supra*, at 803–74 (*quoting* Laughlin, Business Entries and the Like, 46 Iowa L.Rev. 276, 291–296). However, when proffered business records are undated, the proponent bears the burden of demonstrating that such documents were prepared contemporaneously with the event they recite. *Muzzleman v. National Rail Passenger Corp.*, 839 F.Supp. 1094, 1098–99 (D.Del. 1993). *See also Redken Lab.*, 843 F.2d at 229 (undated records not admissible).

The defendants challenge the introduction into evidence of two undated documents, GX 3098 and GX 3002, which are notes of Floyd Trouten, III, on several bases, including the four foundational requirements discussed above, Rule 403 and the Confrontation Clause. However, defendants' strongest contention regarding these documents is their attack on its lack of verifiable contemporaneity.

The government attempts to demonstrate that these documents were created contemporaneously with the events they discuss by putting the documents in the context of documents that were bates stamped before and after them. While I find the government's proffer to be quite ambitious, I believe exclusion of these two documents is proper, especially in light of the Jurcago's testimony that she had not seen these documents until she appeared before the grand jury, and still did not recognize them as notes that she had ever seen in a Hobe & Lucas file.

As to those two documents, I find, as well, that the risk of unfair prejudice that would result from juror speculation about their meaning and significance outweighs their probative value, which, in turn, depends on inferences drawn from such speculation. Thus, Fed.R.Evid. 403 requires their exclusion.

As to the other challenged documents, I find that the risk of unfair prejudice, confusion, or delay is not so substantial that the probative value of the documents is outweighed. Unlike the two Trouten documents, these documents are, for the most part, notes of one of the defendants taken during or shortly after meetings with others of the defendants, and were identified by the witness as such. Therefore, their probative value is not as suspect as that of the two Trouten documents, and they are admissible under Fed.R.Evid. 403.

Accordingly, it is hereby

**ORDERED THAT**, with the exception of GX 3002 and GX 3098, the government's proposed evidence of business records shall be admitted.

**So ordered.**